O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0780 AHM (JCx) | | Date | March 18, 2009 |
|---|---|---|---|---|
| Title | STACY L. CHAMNESS v. STONEBRIDGE LIFE INSURANCE COMPANY, *et al.* | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | | Not Reported | |
| Deputy Clerk | | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

## I.   INTRODUCTION

On January 13, 2009, Plaintiff Stacy L. Chamness filed a complaint in the Superior Court of the State of California for the County of Los Angeles against Defendant Stonebridge Life Insurance Company, asserting two claims for relief: breach of contract and breach of implied covenant of good faith and fair dealing.

On January 30, 2009, Defendant removed the action to this Court. On February 25, 2009, Plaintiff moved to remand the action to state court. For the reasons stated below, the Court DENIES Plaintiff's Motion to Remand.[1]

## II.   DIVERSITY OF CITIZENSHIP STANDARDS

Under 28 U.S.C. § 1441, any action brought in state court over which federal courts would have original jurisdiction may be removed by the defendant or defendants to the appropriate district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction either where an action arises under federal law or where the amount in controversy is greater than $75,000 (exclusive of interest and costs) and where there is complete diversity of citizenship between the parties. 28 U.S.C. §§ 1331, 1332(a).

The removal statute is strictly construed against removal and the burden of establishing jurisdiction in the federal forum rests on the party invoking the statute –

---

[1] Docket No. 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0780 AHM (JCx) | Date | March 18, 2009 |
|---|---|---|---|
| Title | STACY L. CHAMNESS v. STONEBRIDGE LIFE INSURANCE COMPANY, *et al.* | | |

here, Defendant. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Jurisdiction is assessed as of the time of removal. *Ghaderi v. United Airlines*, 136 F.Supp.2d 1041 (N.D. Cal. 2001).

To establish citizenship for diversity purposes, a person must be both (1) a citizen of the United States, and (2) be domiciled in the state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person residing in a given state is not necessarily domiciled there and thus is not necessarily a citizen of that state. *Id.*

A corporation is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). In order to determine which state is in fact the "principal place of business," the Ninth Circuit uses two tests: (1) the "place of operations" test and (2) the "nerve center" test. *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001). Under the "place of operations" test, "a corporation's principal place of business [is] in the state which 'contains a substantial predominance of corporate operations.'" *Id.* (quotation omitted). The "nerve center" test is used *only* when it is established that no state contains a "substantial predominance" of the corporation's business activities. *Id.* (emphasis omitted). Under the "nerve center" test, the principal place of business is the state in which the "executive and administrative functions [of the corporation] are performed." *Indus. Tectonics*, 912 F.2d at 1092, 1094.

"'[S]ubstantial predominance' does not require the majority of a corporation's total business activity to be located in one state, but instead, requires only that the amount of [the] corporation's business activity in one state be *significantly larger* than any other state in which the corporation conducts business." *Tosco*, 236 F.3d at 500 (emphasis added). In the Ninth Circuit, the factors relevant to a determination of whether a particular state contains a "substantial predominance" of a corporation's activity are the location of (1) employees, (2) tangible property, and (3) production activities. Additional relevant factors are the location where (4) income is earned, (5) purchases are made, and (6) sales take place. *Id.*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0780 AHM (JCx) | Date | March 18, 2009 |
|---|---|---|---|
| Title | STACY L. CHAMNESS v. STONEBRIDGE LIFE INSURANCE COMPANY, *et al.* | | |

## III.  DISCUSSION

Plaintiff seeks remand on the ground that Defendant's allegations regarding citizenship in the Notice of Removal failed to establish that the parties were citizens of different states.  Plaintiff does not assert as a factual matter that complete diversity is lacking, but rather challenges Defendant's ability to meet its burden of establishing diversity.

In the Notice of Removal, Defendant alleged that it is incorporated in Vermont and has its principal place of business in Baltimore, Maryland.  Notice of Removal ¶ 3.  Defendant then alleged that Plaintiff is a resident of Los Angeles County and a citizen of the State of California, *id.* ¶ 4, because the Complaint states that Plaintiff is a resident of the County of Los Angeles.  Compl. ¶ 1.  These allegations are sufficient for the removal notice.  *See* William W. Schwarzer, et al., CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL (2008) § 2:656.

Since Plaintiff has challenged the allegations of diversity in the removal notice, Defendant now has the burden to prove the existence of complete diversity.  *Id.* § 658.  It has met that burden.

Defendant has established that Plaintiff is a citizen of California.  As noted, Plaintiff's Complaint states that she is and at all relevant times has been a resident of California.  Compl. ¶ 1.  In a letter she wrote to Defendant in June 2008, Plaintiff stated that she has been a resident of Antelope Valley for over 40 years.  Declaration of Mark W. Hastings ("Hastings Decl."), Ex. 2.  It is thus evident that Plaintiff intends to have her domicile in California and therefore is a citizen of California.

Defendant has also provided evidence that it is not a citizen of California.  Defendant is a citizen of Vermont, where it is incorporated.  Hastings Decl. ¶ 3.  As for principal place of business, Defendant provides the following facts:  Its principal executive and administrative offices are located in Iowa.  *Id.*  It has an administrative office in Maryland, an administrative and claims office in Texas, and a telephone center in Pennsylvania.  *Id.* ¶ 4.  It does not have an administrative office in California.  *Id.* ¶ 5.  The company has 1,743 employees, only one of whom is located in California.  *Id.* ¶ 6.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0780 AHM (JCx) | Date | March 18, 2009 |
|---|---|---|---|
| Title | STACY L. CHAMNESS v. STONEBRIDGE LIFE INSURANCE COMPANY, *et al.* | | |

Defendant is licensed as an insurer in 50 states, the District of Columbia, and Canada. *Id.* ¶ 6. Of its total annualized premium revenue, 87.7 percent comes from residents who live outside of California. *Id.* ¶ 9. Of all the states, California has the single largest percentage of revenue, but it is only 24th in revenue per capita. *Id.* ¶ 10.

Based on these facts, California is not Defendant's principal place of business. California does not contain a "substantial predominance" of Defendant's business activities. *See Davis v. HSBC Bank Nevada*," — F.3d —, 2009 WL 539934, at *3 (9th Cir. Feb. 26, 2009) ("a nationwide retailer with operations spread across many states will be a citizen of California only when a substantial predominance of its activities are located in California; it will not be a citizen of California merely because its operations in California cater to California's larger population."). Since Defendant sells life insurance nationwide and its administrative offices are spread across several states, no state has a substantial predominance of its operations. Turning to the nerve center test, then, Iowa must be deemed Defendant's principal place of business, because its principal executive and administrative offices are located in Cedar Rapids, Iowa. Hastings Decl. ¶ 3.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand.

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

|  | : |
|---|---|
| Initials of Preparer | SMO |